CARLOS LEZAMA, et al., *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

148 So. 304.

Opinion filed May 23, 1933.

*E. L. Bryan,* for Plaintiff in Error;

*Cary D. Landis, Attorney General,* for the State.

BUFORD, J.—This case is before us on writ of error to a judgment of the Criminal Court of Record of Hillsborough County wherein the Defendants were adjudged guilty and sentenced to serve periods of time in Florida State Prison for an alleged violation of the provisions of Section 5075 R. G. S., 7177 C. G. L.

We need only discuss one assignment of error in this case. That assignment of error is based upon the order of the Court denying motion to quash the first count of the information on which these defendants were convicted.

The statute under which this prosecution is brought makes it the duty of the Sheriff or his deputies or any constable or justice of the peace of the county, or the mayor or any alderman of a city or town to go among persons unlawfully and riotously assembled, or as near to them as may be with safety and in the name of the State to command all persons so assembled to immediately and peaceably disperse; and if such persons do not thereupon immediately and peaceably disperse it shall be the duty of said officers to command the assistance of all persons in seizing, arresting and securing such persons in custody and if any person present be so commanded to aid and assist in the seizing and securing of such rioter or persons so unlawfully assembled, or in suppressing such riot or unlawful assembly, refuses or neglects

to obey such command, or when required by such officer to depart from the place refuses or neglects to do so, he shall be deemed one of the rioters or persons unlawfully assembled and may be prosecuted and punished accordingly. See Sec. 7177 (5075) C. G. L. The punishment for a mere unlawful assembly is provided by Section 5073 R. G. S., 7175 C. G. L. It is a misdemeanor punishable by imprisonment not exceeding six months or by fine not exceeding $500.00.

Section 5076 R. G. S., 7178 C. G. L., follows and refers to Section 5075 R. G. S., 7177 C. G. L., and provides:

"If, by reason of the efforts made by any of said officers or by their direction to disperse such assembly, or to seize and secure the persons composing the same, who have refused to disperse, any such person or other person present is killed or wounded, the said officers and all persons acting by their order or under their direction shall be held guiltless and fully justified in law; and if any of said officers or any person acting under or by their direction is killed or wounded, all persons so assembled and all other persons present, who when commanded refused to aid and assist said officer shall be held answerable therefor."

Now, the first count in this information does not allege that a sheriff, or his deputy, or any constable or justice of the peace of the county, or the mayor or any alderman of the city or town did go amongst the alleged rioters and command them to disperse. The information charges that one Charles E. Morrison, a Lieutenant of Police, by direction of the Mayor of Tampa, went to the scene of the alleged riot, or riotous assembly and there issued certain commands. This was not a compliance with the statute. This is a penal statute and if one is to be punished for an offense coming within the purview thereof the conditions precedent to the commission of the offense, if there be such, must be com-

plied with. Under this statute the offense can only be committed when the unlawful assembly has been ordered to disperse by those officers of the law named in the statute.

Of course, the Lieutenant of Police had a perfect right, and it was his duty to preserve the peace, but we are not dealing with that question. We are dealing here with a statute which purports to fix a criminal liability on persons engaging in an unlawful assembly after they have been ordered to disperse by the particular officers named in the statute, and as none of those officers named in the statute ordered the alleged unlawful assembly to disperse, the conditions never came into existence under which the provisions of Section 5076 R. G. S., 7178 C. G. L., apply and the motion to quash the first-count of the information should have been granted.

The defendants were found guilty also on the third count of the information, but any question of the propriety of that part of the verdict is not before us because there was no judgment on the verdict rendered under the third count of the information.

For the reasons stated, the judgment under the first count is reversed and the cause remanded for appropriate proceedings not inconsistent with this opinion.

Davis, C. J. and Whitfield, and Brown, J. J., concur.

Terrell, J., concurs in the conclusion.

Ellis, J., not participating.